UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHLEEN HOFFMAN | CIVIL ACTION |
| V. | NO. 17-4058 |
| FABRISSE GREGOIRE OYEKET, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

**Background**

This personal injury case arises out of an automobile accident.

On December 29, 2015, Kathleen Hoffman was driving home to St. Bernard Parish from work in the Central Business District in New Orleans. At the split of the Pontchartrain Expressway and I-10 East, Fabrisse Oyeket attempted to change lanes in his 18 wheeler semi-truck. As he was attempting to merge into Ms. Hoffman's lane, he struck her vehicle from behind.

1

Alleging that she was injured as a result of defendants' negligence, on December 29, 2016, Ms. Hoffman sued Fabrisse Oyeket, Oyeket Transport, Cypress Insurance Co., and XYZ Corp. in state court. The defendants removed the suit to this Court on April 26, 2017, invoking this Court's diversity jurisdiction. The parties are diverse. The plaintiff is domiciled in Louisiana. Fabrisse Oyeket and Oyeket Transport are domiciled in Alabama, and Cypress Insurance Company is domiciled in California. Ms. Hoffman now seeks to remand her lawsuit back to state court on the ground that removal was untimely, or, alternatively, because the amount in controversy requirement for diversity jurisdiction has not been established.

## I. Standard for Removal

### A.

The removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Given the significant federalism concerns implicated by removal, the removal statute is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." Gutierrez v.

Flores, 543 F.3d 248, 251 (5th Cir. 2008)(citation omitted); Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007)(citations omitted).

For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied," including that the citizenship of every plaintiff is diverse from the citizenship of every defendant, and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

B.

A defendant must file a notice of removal within 30 days of service of the petition. 28 U.S.C. § 1446(b). "[I]f the case stated by the initial pleading is not removable," the defendant may remove the case within 30 days of receiving a copy of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or had become removable." 28 U.S.C. § 1446(b)(3).

Section 1446(b) calls for the application of a two-step test for determining whether a defendant timely removed a case. See Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992). First, the Court must determine whether the case could be removed

3

based on the initial pleading under § 1446(b)(1). The 30 day time period in which a defendant must remove a case "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Id. at 163. Application of this bright line rule, the Fifth Circuit instructs, requires a plaintiff who wishes to trigger the 30 day time limit at the defendant's receipt of the initial pleading to specifically allege in that initial pleading that damages are in excess of $75,000. Id. Notably, a defendant's subjective knowledge about the amount in controversy is not relevant for purposes of starting the 30 day clock. Id. Pre-suit settlement demands and medical bills do not cause the 30 day clock to run if the later receipt of a pleading does not itself reveal on its face that the case is removable. Id. at 162-63; see also Schielder v. Kmart Corp., No. 00-2757, 2000 WL 1511182, at *1 (E.D. La. Oct. 10, 2000) ("The thirty-day window only opens upon the receipt of a pleading or other paper *after* the Defendant has been properly served with a complaint")(emphasis in original).

Second, if the initial pleading does not "affirmatively reveal on its face" that the amount in controversy exceeds $75,000, the defendant may remove the case within 30 days of receiving "a copy of an amended pleading, motion, order or other paper from

4

which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). This "other paper" must be received after the initial pleading in order to start the 30 day clock. Chapman, 969 F.2d at 164. If a case is not originally removable due to generic damages allegations in a state court pleading, responses to discovery are considered "other paper." See 28 U.S.C. § 1446(c)(3). Post-complaint correspondence between attorneys can also constitute "other paper." Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000).

II.

Ms. Hoffman first contends that remand is warranted because the defendants failed to remove the lawsuit within 30 days of service of her state court petition. To determine whether the defendants timely removed this lawsuit, the Court first considers whether the plaintiff specifically alleged in her state court petition that her damages exceeded $75,000. The plaintiff's pleading sought damages for "bodily injuries, loss of work, loss

5

of enjoyment of life, loss of home duties and responsibilities, undue stress, loss of full use and functions, loss of lifestyle, mental anguish, loss of sleep and proper rest, loss of consortium, requiring daily medications, and damage to her vehicle." Clearly, Ms. Hoffman's state court petition did not trigger the timing provisions of § 1446(b)(1) because it did not affirmatively reveal on its face that she sought damages greater than $75,000. Chapman, 969 F.2d at 163. Ms. Hoffman simply made generic allegations regarding her damages.

The plaintiff's argument that the defendants should have been able to ascertain that the case was removable before or at the time they received her state court petition based on the $200,000 pre-suit settlement demand and medical records they had, is foreclosed by binding Fifth Circuit precedent. Any information received before the suit was filed cannot be an "other paper" that would trigger the start of the 30 day clock. Id. at 164.

Where, as here, the Court determines that the initial pleading did not trigger the 30 day removal clock, the Court must look to the second section of the removal statute to determine if any "other papers" triggered the 30 day clock, and, if so, whether the defendants timely removed within that period. The defendants submit that removal was timely under § 1446(b)(3) because the April 27, 2017 notice of removal was filed within 30 days of their April

20, 2017 receipt of the plaintiff's response to their supplemental requests for admission.

In these papers, the plaintiff admits that: her injury is unresolved and she plans to continue further treatment, she has already spent $29,838 on treatment, she is considering a medial branch block, and that she is considering surgery. While these admissions equivocally suggest the amount in controversy requirement might be met, "[o]ther papers describing injuries and other damages that seem likely to exceed the amount in controversy requirement, but not showing unequivocally that the requirement is met, are insufficient to trigger the removal clock." Green v. Geico Gen. Ins. Co., No. 15-3968, 2015 WL 5971760, at *3 (E.D. La. Oct. 14, 2015); Darensburg v. NGM Ins. Co., No. 14-1391, 2014 WL 4072128, at *2 (E.D. La. Aug. 13, 2014) (same).

Mindful of the Court's limited jurisdiction and, correspondingly, that any doubt about the propriety of removal must be resolved in favor of remand, the Court finds that the responses to defendants' supplemental requests for admission do not make it "unequivocally clear and certain" that the jurisdictional requirement is met. Bosky, 288 F.3d at 211. Bosky instructs that the other paper must "make certain, exact, or precise" or cause the defendant "to find out or learn with certainty" that the amount in controversy is over $75,000. Id.

The responses to the supplemental requests for admissions simply fall short of this standard.

The Court's finding is reinforced by the case literature. For example, another section of this Court deemed "unequivocally clear and certain" a list of itemized damages totaling $313,556.60 received by the defendant in response to interrogatories. Oniate v. State Farm Mut. Auto. Ins. Co., No. 15-6431, 2016 WL 232437, at *4 (E.D. La. Jan. 20, 2016). Another example of "other paper" meeting the "unequivocally clear and certain" test was the defendant's receipt of an amended petition in Texas that sought $3,575,000 in damages. Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 400 (5th Cir. 2013).

Scott v. Office Depot, Inc. is also illustrative in defining the contours of the applicable standard. There, defendant's receipt of medical records showing plaintiff had suffered herniated disks and other back injuries, had received three epidural steroid injections, and was seeking damages for lost wages, was insufficient to trigger the 30 day removal clock. No. 14-791-JJB-RL, 2015 WL 2137458, at *5 (M.D. La. May 7, 2015). However, the clock was triggered by a later settlement letter, unequivocally quantifying the plaintiff's alleged damages; the letter stated plaintiff's medical expenses to date were $21,315.49, her doctor believes she will require two to three

8

epidural steroid injections per year, which alone would cost between $130,000 and $390,000 per year, and her general damages were estimated to be between $75,000 and $100,000. Id.

Here the plaintiff's responses to defendants' supplemental requests for admissions merely state plaintiff is "considering" a medial block branch and is "considering" a future surgery. Even factoring in the $29,838 the plaintiff indicates she has in medicals, as well as additional damages for pain and suffering, that the plaintiff is "considering" future medical treatment is necessarily equivocal and unclear, and decidedly unhelpful in determining whether the jurisdictional requirement has been met.[1] There has been no clear and certain "other paper" showing over $75,000 is in controversy, such as the itemized list of damages in Oniate or the amended petition in Mumfrey.[2]

---

[1] A contrary holding would encourage premature removals in the future -- a result the Fifth Circuit has sought to avoid. See Bosky, 288 F.3d at 211 n. 17 (citing Chapman, 969 F.2d at 163).

[2] If plaintiff truly wishes to litigate in state court, she may readily accomplish that by irrevocably stipulating that she will not seek nor collect damages exceeding $75,000. And quite obviously any settlement demand should also respect that.

Accordingly, the plaintiff's motion to remand is GRANTED, and the case is hereby remanded to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, July 12, 2017

_____
MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE